UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL OCHOA,<br><br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-02306-JST<br><br>**ORDER DISMISSING FDCPA CLAIM AND GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 13 |

Before the Court is Plaintiff's motion to remand, which includes a request to file an amended complaint to omit the federal cause of action. ECF No. 13. The Court will grant Plaintiff's request to amend the complaint and remand this action to the Superior Court of California.

**I.    BACKGROUND**

On February 19, 2020, pro se Plaintiff Daniel Ochoa filed this lawsuit against T-Mobile USA, Inc. ("T-Mobile"), Convergent Outsourcing, Inc. ("Convergent"), and Assurant Solutions, Inc. ("Assurant") (collectively, "Defendants") in the Superior Court of California, San Francisco County. ECF No. 1-1 ¶¶ 2-4. Ochoa's complaint includes six causes of action: (1) defamation; (2) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1770, *et seq.*; (3) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA); (4) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*; (5) breach of contract; and (6) failure to perform under warranty. *Id*. ¶¶ 27-172. Ochoa alleges that he received letters from T-Mobile and Convergent, a debt collection agency, falsely claiming his account was past due. *Id*. ¶¶ 30, 41. Ochoa claims the letters caused injury to his reputation, shame, and substantial emotional distress. *Id*. ¶ 49. He further alleges that the protection plan he

purchased from T-Mobile, provided by Assurant, contained a material misrepresentation. *Id*. ¶ 155. Ochoa expected his replacement headset to be new when, in fact, it was refurbished. *Id*. ¶¶ 168-69.

On April 6, 2020, T-Mobile, with the consent of Assurant and Convergent, filed a timely notice of removal which claimed that the civil action "arises under the FDCPA, 15 U.S.C. § 1692, et seq." ECF No. 1 ¶¶ 5, 8. On April 20, 2020, Ochoa filed a request for remand, which the Court construed as a motion to remand. ECF Nos. 13, 22. In the motion, Ochoa included a request to amend his complaint to omit the sole federal cause of action. ECF. No. 13 at 16. T-Mobile filed its opposition to the motion to remand on May 4, 2020, which Convergent and Assurant joined. ECF Nos. 18-20. On May 18, 2020, Ochoa filed another motion to remand, which the court construed as a reply brief in support of his previous motion to remand. ECF Nos. 24, 26.

## II.     MOTION TO REMAND

### A.     Legal Standard

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009). A defendant ordinarily "has the burden of establishing that removal is proper" due to the "strong presumption against removal jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal citation omitted). "However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

**B.     Discussion**

Ochoa advances two theories to argue that Defendants' notice of removal was procedurally defective. First, he claims that a "[n]otice of removal that does not explain why all the defendants have not joined in the removal is defective." ECF No. 24 at 8. However, the case Ochoa cites to support this proposition, *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, is factually distinguishable. In *Prize Frize*, the notice of removal "plainly admit[ted] on its face that not all defendants had joined in the removal." 167 F.3d 1261, 1266 (9th. Cir. 1999). As a result, the removing party, pursuant to 28 U.S. § 1446(a), was required to explain the co-defendants' absence. *Id*. Here, all Defendants joined the notice of removal filed by T-Mobile on April 6, 2020, so no similar explanation is required. ECF No. ECF No. 1 ¶ 8.

Second, Ochoa claims that the notice of removal was procedurally defective because Defendants lacked unanimous consent to remove the case. ECF No. 24 at 10. Ochoa cites Eighth Circuit precedent to support his assertion that each defendant is required to submit written indication of their actual consent to remove the case. *See Pritchett v. Cottrell*, 512 F.3d 1057, 1062 (8th Cir. 2008). However, Defendants properly note that the Ninth Circuit requires only one attorney of record to sign the notice and certify that the remaining defendants consent to removal. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."). Because the notice of removal T-Mobile filed states that "[a]ll other defendants who have been served with the Summons and Complaint consent to this Notice of Removal," the removal was proper. ECF No. 1 ¶ 8; *see Proctor*, 584 F.3d at 1224-25.

**III.     REQUEST TO AMEND THE COMPLAINT**

In the alternative to his request for remand on procedural grounds, Ochoa asks that the Court grant him "leave to omit [the federal cause of action], or otherwise amend his complaint" so that it may be remanded to state court. ECF No. 13 at 16. The Court will grant Ochoa's request for leave to amend.

3

**A.     Legal Standard**

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in deciding a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a court should determine whether to grant leave "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**B.     Discussion**

The Court finds that each Rule 15 factor weighs toward granting Ochoa's request for leave to amend. This is Ochoa's first request to amend his complaint, and Ochoa has not caused undue delay by filing his request two weeks after removal of the action to this Court. *See Stokes v. U.S. Food Service, Inc.*, No. C 06-00249 JSW, 2006 WL 8459688, at *2 (N.D. Cal. Mar. 1, 2006) ("Plaintiffs have not caused undue delay, as they have filed their motion to amend the complaint less than three weeks after removal of the action to this Court."). The potential futility of the proposed amendment is not an issue, given that Ochoa seeks "to amend [his] complaint to delete a claim, rather than to add or clarify an existing claim." *See id*. There also is no evidence of bad faith by the plaintiff and no showing of prejudice to any opposing party. *See id*. (finding a lack of prejudice when the matter is in the early stages of litigation).[1] Accordingly, the Court grants

---
[1] Defendants' opposition brief includes no response to Ochoa's request to amend his complaint. ECF No. 18.

4

Ochoa's request to amend his complaint to omit the third cause of action, an alleged violation of the FDCPA. For the sake of efficiency, the Court orders the FDCPA claim dismissed rather than having Ochoa file an amended complaint. *Thomas v. Sec. Indus. Specialists, Inc.*, 19-cv-05770-EJD, 2020 WL 60210, at *2 (N.D. Cal. Jan. 6, 2020).

Next, the Court declines to retain supplemental jurisdiction over Ochoa's remaining state law claims. A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to remand, courts "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon v. Cohill,* 484 U.S. 343, 350 (1988). Where a single federal claim is eliminated at an early stage of litigation, the district court has "a powerful reason to choose not to continue to exercise jurisdiction." *Id.* at 351. Because Ochoa's single federal claim has been eliminated early in the litigation, the Court declines to exercise supplemental jurisdiction and remands the remaining claims to state court.

## CONCLUSION

For the reasons set forth above, the Court dismisses Ochoa's third cause of action for violation of the FDCPA and grants Ochoa's motion to remand. This action is hereby remanded to the San Francisco County Superior Court.

**IT IS SO ORDERED.**

Dated: July 20, 2020

_____
JON S. TIGAR
United States District Judge